

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANTONIO L. BROWN　　　　　　　　　　　DOCKET NO. 11-CV-242; SEC. P
BOP# 12604-014

VERSUS　　　　　　　　　　　　　　　　JUDGE DEE D. DRELL

LT. V. JOHNSON, ET AL.　　　　　　　MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Antonio L. Brown, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] on February 7, 2011. Plaintiff filed a motion for leave to proceed in forma pauperis on March 4, 2011, which was granted on March 9, 2011. [Doc. #3, 4] Plaintiff claims that the defendants filed false disciplinary reports against him for which he was convicted, resulting in the loss of "good time" credit. Plaintiff names as defendants V. Johnson, J. Frontera, Lt. Ventoras, and D. Collins. He seeks $500,000 in compensation for mental anguish and the loss of good time.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Statement of the Case

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

Plaintiff alleges that, on May 9, 2009, he was assaulted while Lt. Ventoras was putting leg irons on Plaintiff's legs. Despite this allegation, Plaintiff received disciplinary reports for the incident, which resulting in him being sent to the "SMU" as well as the loss of good time credits. [Doc. #1, p.4, 5] Plaintiff alleges that V. Johnson and D. Collins fabricated the incident reports.

According to the exhibits attached to Plaintiff's complaint, Plaintiff appealed the Discipline Hearing Officer (DHO) decision in which he was found to have committed the offense of Assault without Serious Injury in violation of Code 224 and Refusing to Obey an order, in violation of Code 307.  The appeal was denied on February 2, 2010, pointing out that Plaintiff made a statement during the discipline process admitting to assaulting staff and refusing to obey his order. [Doc. #1, p.10] [2]

Plaintiff also appealed the other decision of the DHO in which Plaintiff was found to found to have committed the prohibited act of Refusing to Take Alcohol Test, in violation of Code 223. Plaintiff's appeal was denied on March 19, 2010, as the record

---

[2] In the Response from National Inmate Appeals, it is noted that Plaintiff appealed, in part on the grounds that the Officer was retaliating against him for filing a civil law suit against him.  Plaintiff does not raise that allegation in his complaint before this Court; however, even if he had, a review of the case filings on PACER do not reveal any civil suits filed against any officers at USP-P.

supported that Plaintiff refused to submit to a Breathalyzer test. It was also determined that there was no evidence to support Plaintiff's claim of staff misconduct. [Doc. #1, p.11]

### Law and Analysis

1. **Heck v. Humphrey**

Plaintiff seeks compensatory damages for the loss of good time resulting from his disciplinary convictions. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.; Ali v. Dretke, 214 Fed.Appx. 371, 372 (5th Cir. 2006)("Because Ali's challenge calls into question the validity of his disciplinary conviction, and because Ali lost good-time credits as a result of that conviction, his challenges are barred because he has not shown that the disciplinary conviction has been overturned.")

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). In this case, Plaintiff seeks compensation for the loss of good time as a result of fabricated disciplinary convictions. Success on the merits would call into question the validity of those convictions. Plaintiff cannot sue on these grounds unless the allegedly fabricated disciplinary convictions have been reversed or expunged as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

### 2. Physical Injury

Moreover, Plaintiff seeks monetary compensation for mental anguish. 42 U.S.C. §1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff does not allege any physical injury - only mental anguish. Therefore, even if his claim was not barred by Heck/Balisok, recovery would be barred by 1997e(e).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 27th day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE